UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

No. 22-1521

Town of Milton,

Petitioner,

v.

FEDERAL AVIATION ADMINISTRATION; BILLY NOLEN,
Acting Administrator of the Federal Aviation
Administration,

Respondents.

_____

**<u>PETITIONER'S REPLY BRIEF TO AMICUS CURIAE BRIEF IN
SUPPORT OF RESPONDENTS</u>**

_____

On Petition for Review of a Final Rule of the
Federal Aviation Administration

Karis L. North
First Circuit Bar No. 1171700
Murphy, Hesse, Toomey & Lehane, LLP
knorth@mhtl.com
50 Braintree Hill Office Park
Suite 410
Braintree, MA 02184
Telephone: 617.479.5000

Attorney for Petitioner Town of Milton

Dated: July 26, 2023

**TABLE OF CONTENTS**

Table of Citations....................................3

Argument.............................................4

I.  The Amicus Curiae Brief in Support of
    Respondent's Arguments concerning the City of
    Miami case are misplaced and inapposite.........4

    A.  The Final EA/FONSI Ignores the Material
        Impact of Landing Gear Deployment..........4

    B.  Failure to Include Material Information Is
        Sufficient Grounds to Find the Final
        EA/FONSI Arbitrary and Capricious .........5

II. Properly Addressing the Cumulative Impacts with
    Sufficient Data Would Allow for Better Dispersion
    of Flights and Resulting Noise, and provide and
    Equitable Resolution for Milton.................5

Conclusion...........................................6

Certificate of Compliance............................7

Certificate of Service...............................8

**TABLE OF CITATIONS**

**CASES:**

City of N. Miami v. FAA, 47 F4th 1257
(11th Cir. 2022)...................................4

Motor Veh. Mfrs. Ass'n v. State Farm Ins.,
463 U.S. 29, 43 (1983)............................5

**ARGUMENT**

**I.  The Amicus Curiae Brief in Support of Respondent's Arguments concerning the City of Miami case are misplaced and inapposite.**

Unlike the City of North Miami case cited by the Amicus Curiae in support of Respondents, <u>City of N. Miami v. FAA</u>, 47 F.4th 1257(11th Cir. 2022), Milton's Appeal is not about present impacts of a past action. At its core, this case challenges the fundamental fact that the FAA's Finding of No Significant Impact ("FONSI") and the Final Environmental Assessment ("EA") is not supported by the facts because the FAA has failed to present material evidence of the actual impacts on the Town of Milton.

**A.  The Final EA/FONSI Ignores the Material Impact of Landing Gear Deployment.**

The FAA has presented no evidence at all of the noise effects of landing gear deployed by Runway 4L arrival overflights; no data and no modeling. Yet deployed landing gear comprise 40% of the total aircraft noise effect. A2021. The FAA AEDT design Tool User Guide: 3b, notes that only the last of four Descend steps, 1000 feet above field elevation, and the Land step, require landing gear down. A16540, 16548. The FAA has provided no evidence that any landing steps prior to step four (or step four itself) are evaluated for noise from the

4

deployed landing gear. In addition, the FAA does not keep any aircraft certification data, which could be a source of this information, and there is no landing gear noise effects data otherwise provided in the Administrative Record.

### B. Failure to Include Material Information Is Sufficient Grounds to Find the Final EA/FONSI Arbitrary and Capricious.

By not including this data, the FAA "entirely failed to consider an important aspect of the problem," Motor Veh. Mfrs. Ass'n v. State Farm Ins., 463 U.S. 29 (1983), and as a result the Final EA and the FONSI are arbitrary and capricious and contrary to law. This material deficiency requires the FAA to collect the requisite data and revise its AEDT model – i.e., perform the data, and provide a complete and thorough analysis of the actual impacts on the Town of Milton through an Environmental Impact Statement ("EIS").

### II. Properly Addressing the Cumulative Impacts with Sufficient Data Would Allow for Better Dispersion of Flights and Resulting Noise, and Provide an Equitable Resolution for Milton.

A thorough and complete EIS would also help address and resolve the cumulative impacts from 4L and 4R. That data could be useful to the Town of Milton and the FAA, in finding a better approach to the continuous bombardment of airplane noise suffered by the Town and its residents, as documented in the Administrative Record and highlighted in

Petitioners filings in this matter.

Contrary to the assertions by the Amicus Curiae in support of Respondents, the Town of Milton is and always has been in favor of dispersion of the impacts of Logan airplane overflight noise, across the Town and the region. Equity is important, but in order to establish equitable processes, proper and complete data is required. The FAA has failed to provide such data, in this instance.

## CONCLUSION

For all of the foregoing reasons, Milton respectfully requests that its Petition be granted.

>  Respectfully submitted,
>  Petitioner, Town of Milton,
>  By its Attorney,
>
>  /s/ Karis L. North
>  Karis L. North
>  First Circuit Bar No.  1171700
>  knorth@mhtl.com
>  Murphy, Hesse, Toomey & Lehane, LLP
>  50 Braintree Hill Office Park
>  Suite 410
>  Braintree, MA 02169
>  Telephone: (617) 479-5000
>  Facsimile: (617) 479-6469

Dated: July 26, 2023

## **CERTIFICATE OF COMPLIANCE**

This document complies with the 5,200-word limit established by FRAP 27(d)(2) because it contains 966 words. This document complies with the typeface and typestyle requirements of FRAP 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced serif typeface, Courier New, and set at 12-point or larger.

/s/ Karis L. North<br>
Karis L. North

Dated: July 26, 2023

## **CERTIFICATE OF SERVICE**

     I, Karis L. North hereby certify that the above document, filed electronically through the Court's electronic case filing system on July 26, 2023, will be sent electronically to all parties registered on the Court's electronic filing system, and paper copies will be sent by first class mail, postage pre-paid, and electronic mail to non-registered parties.

1. David S. Frankel, Esq.
   United States Department of Justice
   P.O. Box 7415
   Washington, D.C. 20044-7415

2. Justin Heminger, Esq.
   United States Department of Justice
   P.O. Box 7415
   Washington, D.C. 20044-7415

3. Marc Nichols, Esq.
   Federal Aviation Administration
   Office of the Chief Counsel
   800 Independence Ave, SW
   Washington, D.C. 20591-0000

                                         /s/ Karis L. North
                                         Karis L. North